United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40491
Summary Calendar
_____

SUSAN THOMAS-POWELL,

                                        Plaintiff-Appellant,

versus

GALVESTON INDEPENDENT SCHOOL DISTRICT; LYNN HALE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:04-CV-595
--------------------

Before KING, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

     Susan Thomas-Powell appeals from the denial of her motion to
remand and the dismissal of her state law claims pursuant to FED.
R. CIV. P. 12(b)(6).  We review both rulings de novo.  Boone v.
Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005); Priester v.
Lowndes County, 354 F.3d 414, 418 (5th Cir.), cert. denied, 543
U.S. 829 (2004).

     The district court's determination that it had removal
jurisdiction was not erroneous given that Thomas-Powell's second

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amended petition expressly alleged that her rights under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., had been violated. See PCI Transp. Inc. v. Fort Worth & W. R.R. Co., 418 F.3d 535, 543 (5th Cir. 2005). We also find no error with regard to the district court's Rule 12(b)(6) dismissal of Thomas-Powell's whistleblower claim. We agree with the district court's characterization of Thomas-Powell's "whistleblower letter" as merely a request for workers' compensation as opposed to a report involving a violation of law, the latter of which is required to state a claim under TEX. GOV'T CODE ANN. § 544.022 (Vernon 2004). See Scott v. Godwin, 147 S.W.3d 609, 621 (Tex. Ct. App. 2004).

The district court determined that Thomas-Powell's third amended complaint did not state a claim for intentional infliction of emotional distress because she had failed to allege that the students' assaultive behavior was intentionally or recklessly caused by the defendants, as is required under Texas law. See Hoffman-LaRoche, Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004). On appeal, Thomas-Powell failed to challenge the district court's determination that she had failed to plead the requisite causation element, and its review is therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Thomas-Powell has also inadequately briefed the dismissal of her fraud and breach of contract claims, and, therefore, their review is also waived. Id.

Thomas-Powell's motion for reconsideration of the clerk's order granting the appellees' request to file record excerpts in excess of the page limit is DENIED.

AFFIRMED.